UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TEMBEC INC., TEMBEC INVESTMENTS INC., and TEMBEC INDUSTRIES INC., | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | No. 07-CV-1905 (RMC) |
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Respondents. | ) ) | |

**REPLY MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS**

As demonstrated in Respondent's opening brief, because this case is Petitioners' second bite at the apple, the case should be dismissed on the grounds of res judicata and collateral estoppel. Res judicata applies to the issues that were raised by Petitioners Tembec et al. in a prior case with the same parties, Civil Action No. 05-2345, because the prior case was dismissed with prejudice in connection with a settlement of the underlying dispute, by which Tembec received $242 million. Tembec is thus barred from relitigating issues regarding the consolidation order entered in the arbitration proceeding by the tribunal constituted under Article 1126 of the North American Free Trade Agreement ("NAFTA tribunal"), the selection of the tribunal panel, and the tribunal's jurisdiction over Tembec's NAFTA claim. In addition, collateral estoppel applies to the issues that were litigated by the parties and determined by the Court in denying the motion filed by Tembec under Rule 60(b) of the Federal Rules of Civil Procedure, seeking to set aside the dismissal of the prior case. Tembec is thus barred from relitigating issues regarding the parties' negotiations that led to the settlement of the underlying dispute, and issues regarding the interpretation of the settlement documents. Nothing in

Tembec's Opposition warrants a contrary result.

## ARGUMENT

I. **RES JUDICATA BARS TEMBEC FROM RAISING ISSUES REGARDING THE NAFTA TRIBUNAL'S CONSOLIDATION ORDER, THE SELECTION OF THE TRIBUNAL PANEL, AND THE TRIBUNAL'S JURISDICTION**

Tembec's discussion of the relationship between the two cases is belated and unduly narrow. When Tembec declined to identify the first case as a "related case" in filing the Civil Action Cover Sheet for the second case, the United States filed a Notice of Related Case (Docket No. 3), pointing out that the two cases "involv[e] the same parties and relat[e] to the same subject matter." See LR 40.5(a)(4). In response, Tembec stated that it "does not object to the United States' statement that the cases fit the definition of a related case." Docket No. 5.

Under the doctrine of res judicata, which is also termed claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980); see also Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002). Res judicata bars "a second suit involving the same parties or their privies based on the same cause of action." Drake, 291 F.3d at 66, citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979). Res judicata applies where there is an "identity of the cause of action." See Does I Through III v. District of Columbia, 238 F. Supp. 2d 212, 217 (D.D.C. 2002). The issue is whether the cause of action in the second case was or could have been raised in the first case. The test applied by courts is whether the cases are "based on the same 'nucleus of facts.'" Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984); Drake, 291 F.3d at 66 (citing same). It is "the facts surrounding the transaction or occurrence which operate to constitute the cause of action. . . ." Page, 729 F.2d at

820 (citations omitted); see also U.S. Industries, Inc. v. Blake Constr. Co., 765 F.2d 195, 204-05 (D.C. Cir. 1985).  A final judgment in the first case precludes the parties "from relitigating *issues that were raised or could have been raised"* in the prior action.  Allen v. McCurry, 449 U.S. at 94 (emphasis added); Drake, 291 F.3d at 66 (citing same).

Tembec concedes that res judicata applies to cases that have been dismissed with prejudice via the filing of a stipulation under Rule 41(a) of the Federal Rules of Civil Procedure, barring the parties from raising the same claims in a subsequent action.  See Tembec's Opposition to the Motion to Dismiss ("Opp.") at 20; I.A.M. National Pension Fund v. Industrial Gear Mfg. Co., 723 F.2d 944, 947 ( D.C. Cir 1983).  Tembec contends, however, that res judicata does not apply because the claims raised in the second case are different from the claims raised in the first case.  Opp. at 2, 17-20.  Tembec asserts that, while the claims in the first case challenge the consolidation order entered by the NAFTA tribunal, the claims in the second case challenge the NAFTA tribunal's award of attorney fees and tribunal costs to the United States ("Fee Award"), which was issued after the Court dismissed the First Petition, and that the second case "is based on a new claim that could not have been raised during the prior litigation."  Opp. at 19.  Tembec asserts that the claims in the second case are based on events that occurred after the first case was dismissed, and that the claims in the second case thus could not have been raised during the first case.  Opp. at 17-20.

Tembec asserts that res judicata does not apply to claims arising from acts committed by a defendant after a case has been dismissed.  See Opp. at 17-19.  Because the claims in the second case are *not* based on acts allegedly committed by the United States after the first case had been dismissed, such claims could have been, and indeed were, raised in the first case.  For

3

these reasons, the cases cited by Tembec are not on point.[1] The Petition to Vacate Arbitration Award ("First Petition"), which was filed by Tembec on December 7, 2005, challenged the order entered by the NAFTA tribunal on September 7, 2005 ("Consolidation Order"), by which the tribunal consolidated three similar arbitrations brought under Chapter Eleven of NAFTA against the United States by Tembec and other Canadian companies that export softwood lumber to the United States. Docket No. 1 in C.A. No. 05-2345; Memorandum in Support of Defendant's Motion to Dismiss ("Def. Mot."), Ex. A. The First Petition contended in part that the Consolidation Order was invalid, that the tribunal panel should not have included Davis Robinson, and that the tribunal lacked jurisdiction over Tembec's NAFTA claim, by which Tembec sought to recover "more than $200 million" in damages from the United States. First Petition (Def. Mot., Ex. A) ¶¶ 6, 10-13, 16. The Court approved the Stipulation of Dismissal of the First Petition, and thereby dismissed the first case with prejudice pursuant to Rule 41(a)(1)(ii), on October 12, 2006. See Docket No. 25 in C.A. No. 05-2345. After the NAFTA tribunal issued the Fee Award to the United States in the arbitration proceeding, Tembec filed the Petition to Vacate Arbitration Award ("Second Petition") on October 19, 2007, seeking to vacate the NAFTA tribunal's Fee Award and all prior orders, including the Consolidation Order.

---

[1] See Lawlor v. National Screen Serv. Corp., 349 U.S. 322, 328 (1955) (a stipulated judgment "cannot be given the effect of extinguishing claims which did not then exist and which could not possibly have been sued upon in the previous case," in a case where there had been "a substantial change in the scope of the defendants' alleged monopoly"); Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984) (since a prior action "obviously could not have asserted claims based on facts that were not yet in existence, the dismissal of that action cannot be res judicata" as to a new subsequent complaint respecting defendant's subsequent conduct); I.A.M. Nat'l Pension Fund, 723 F.2d at 948-49 ("Although the time period for which the Fund alleges injury overlaps in the two suits, the two causes of action differ in that each asserts different rights, alleges different injuries, and arises from different facts.").

Second Petition (Def. Mot., Ex. C), ¶ 34.

Res judicata applies because the claims in both cases raise the same issues and are based on the same nucleus of facts regarding the NAFTA tribunal's issuance of the Consolidation Order in the arbitration proceeding. Just as the First Petition sought to vacate the Consolidation Order, see First Petition ¶¶ 1, 2, 10, 14, 16, the Second Petition seeks to vacate "all of the tribunal's orders leading up to" the NAFTA tribunal's Fee Aaward, including the Consolidation Order. See Second Petition ¶¶ 1, 2, 27, 34. Both Petitions contend in part that the Consolidation Order was invalid, that the tribunal panel should not have included Davis Robinson, and that the tribunal lacked jurisdiction over Tembec's NAFTA claim and exceeded its authority. First Petition ¶¶ 10-13, 16; Second Petition ¶¶ 9-34; see also Opp. at 3-12. Because Tembec's claims in both cases are based on the same nucleus of facts and raise the same factual and legal issues, the Second Petition is barred by res judicata. The Second Petition does not allege, and is not based upon, any acts committed by the United States after the Court approved the parties' Stipulation of Dismissal with Prejudice in October of 2006. Notably, Plaintiffs' Opposition, which contains a sixteen-page version of facts, does not allege that the United States committed any acts after the Court approved the Stipulation of Dismissal, or that the claims in the second case are based on any such post-judgment acts. See Opp. at 14-16.

Res judicata bars a party from "claim splitting;" in other words, a party cannot bring two separate actions that involve parts of the same subject matter. See Zerelli v. Evening News Ass'n, 628 F.2d 217, 222 (D.C. Cir. 1980). This is precisely what Tembec seeks to do here. But, a party seeking to enforce a claim "is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and

leave the rest to be presented in a second suit, if the first fail." Stark v. Starr, 94 U.S. 477, 485 (1876).  Applying res judicata thus "discourage[s] litigants from seeking redress in piecemeal fashion," and thereby prevents the resulting inefficiency, delay and burdens on the court and the parties.  See Shewmaker v. Minchew, 504 F. Supp. 156, 160 (D.D.C. 1980); Turner v. Army, 447 F. Supp. 1207, 1211 (D.D.C. 1978).  "The res judicata principle of merger prohibits a party from raising, in separate suits, the several portions of a single cause of action."  U.S. Industries v. Blake Constr., 765 F.2d at 204 (rejecting the assertion that a claim for attorney fees was a separate claim because it "arose at a different time than the substantive claim").  The second action is "deemed to be merged into the initial action."  Id.; see also I.A.M. Nat'l Pension Fund, 723 F.2d at 947 n.2.  Once a court determines that the elements of res judicata are met, "the subsequent suit [is] barred – and nothing further by way of analysis or mitigating circumstances, or equity, [is] required."  Blake Cosntruct., 765 F.2d at 207, citing Federated Dept't Stores, Inc. v. Moitie, 452 U.S. 394, 399-400 (1981).

It is immaterial that the First Petition challenged the tribunal's *authority* to award fees, while the Second Petition challenges the tribunal's subsequent *award* of fees to the United States.  See, e.g., Opp. at 20, 23-24.  The Second Petition does not seek to modify or correct the specific *amount* of fees and costs awarded to the United States.  See 9 U.S.C. § 11.  Instead, the Second Petition seeks to vacate the fee award, based upon the same nucleus of facts raised in the first case, and raising the same issues of fact and law, contending that the Consolidation Order was invalid, that the tribunal panel should not have included Davis Robinson, and that the tribunal lacked jurisdiction over Tembec's NAFTA claim and exceeded its authority.  See Second Petition ¶ 34; see also Opp. at 4-12, 23.  The causes of action asserted by Tembec in the

Second Petition do not depend on the amount of fees and costs awarded by the tribunal.

Furthermore, Tembec errs in asserting that it could not have raised issues in the first case regarding the amount of fees and costs sought by the United States in the arbitration proceeding. While the NAFTA tribunal panel *issued* the Fee Award after the Court approved the Stipulation of Dismissal with Prejudice in the first case, the tribunal *reserved* the *issue* of fees and costs in January of 2006, and the United States applied for such an award in April of 2006.  See Opp. at 12 & n.38; Joint Order on the Costs of Arbitration dated July 19, 2007 (Def. Mot., Ex. D), at 11.[2] The Court approved the Stipulation of Dismissal, and thereby dismissed the first case with prejudice pursuant to Federal Rule 41(a)(1)(ii), in October of 2006, *nine months after* the NAFTA tribunal reserved the issue of fees and costs.  See Docket No. 25 in C.A. No. 05-2345.

Where, as here, the cause of action in the second case is *not* based on actions allegedly taken by the defendant after the entry of judgment, res judicata applies.  For example, in Turner v. Army, 447 F. Supp. 1207 (D.D.C. 1978), plaintiff asserted in the first case that the Army improperly processed plaintiff's grievance, in which he claimed that a negative rating from his commanding officer was retaliatory.  While that case was pending, the plaintiff brought a second case, in which he asserted that the Army violated the Privacy Act in issuing a final decision on the grievance by failing to amend the rating.  Id., 447 F. Supp. at 1209-11.  After the first case was completed, the Court found that res judicata barred the second case because it arose from the same nucleus of facts and the same alleged injury.  Id.  As the Court found in Turner, "[t]he principles of the efficient utilization of limited judicial resources and the protection of

---

[2] Indeed, Tembec concedes that a portion of the fees and costs at issue in the arbitration proceeding "were incurred prior to the Consolidation Tribunal's assumption of jurisdiction." Opp. at 16.

defendants from the vexation of repetitive litigation under the doctrines of res judicata and collateral estoppel apply forcefully in this case." Id. at 1211. Similarly, in Shewmaker v. Minchew, 504 F. Supp. 156 (D.D.C. 1980), the Court held that res judicata barred a second suit that "[did] not involve facts or circumstances unknown to plaintiff at the time of the first suit." Id., 504 F. Supp. at 160. These principles apply here with respect to Tembec's claims challenging the NAFTA tribunal's authority to issue the Fee Award.

For these reasons, res judicata bars Tembec from relitigating claims and issues regarding the Consolidation Order entered by the NAFTA tribunal in the arbitration proceeding, the selection of the tribunal panel, and the tribunal's jurisdiction over Tembec's NAFTA claim.

## II. COLLATERAL ESTOPPEL BARS TEMBEC FROM RAISING ISSUES REGARDING THE PARTIES' NEGOTIATIONS OR THE SETTLEMENT DOCUMENTS

The doctrine of collateral estoppel, which is also known as issue preclusion, bars a party from relitigating issues of fact or law that were actually litigated in the course of reaching earlier judgments. See Allen v. McCurry, 449 U.S. at 94; I.A.M. Nat'l Pension Fund, 723 F.2d at 947 n.3; Lawlor v. National Screen Serv. Corp., 349 U.S. 322, 326 (1955). Tembec asserts that collateral estoppel does not apply to cases that have been dismissed via the filing of a stipulation under Rule 41(a) of the Federal Rules of Civil Procedure, because the issues in such cases were not litigated by the parties and determined by the Court. See Opp. at 20.

Tembec errs in contending, however, that "[n]one of the issues raised in" the First Petition "ever was litigated and determined by the Court." Opp. at 21. Several issues raised by Tembec in the first case *were* litigated by the parties and determined by the Court, *after* the parties filed, and the Court approved, the Stipulation of Dismissal with Prejudice on October 17,

2006.  Tembec filed the Rule 60(b) Motion on November 7, 2006, seeking to withdraw the Stipulation and to reinstate and proceed on the First Petition.  Docket No. 26 in C.A. No. 05-2345; Def. Mot. Ex. G.  The United States filed an Opposition, Tembec filed a Reply Memorandum and a Supplemental Brief, and the United States filed a response.  Docket Nos. 27-32 in C.A. No. 05-2345.  When the Court denied the Rule 60(b) Motion by Memorandum Opinion dated April 29, 2007, the Court determined that the settlement documents did not bar the United States from seeking an award of fees and costs in the arbitration proceeding, that the United States did not misrepresent the terms of the settlement documents, and that Tembec was not misled by the United States.  See Mem. Op. dated April 29, 2007 (Def. Mot., Ex. B), at 5-9.  The Second Petition seeks to relitigate these same factual and legal issues.

Because the parties litigated, and the Court determined, issues regarding the parties' settlement negotiations and the interpretation of the settlement documents, collateral estoppel bars Tembec from relitigating these issues.  The Second Petition asserts in part that the Softwood Lumber Agreement barred the NAFTA tribunal from issuing the Fee Award and, in any event, that the United States misrepresented that the Agreement barred such an award, or that the United States would not seek such an award.  See Second Petition (Def. Mot., Ex. C) ¶¶ 21-25, 27, 34; see also Opp. at 12-16.  The factual and legal issues presented by the Second Petition regarding the parties' negotiations and the interpretation of the settlement documents were previously contested by the parties and determined by the Court in connection with the Rule 60(b) Motion filed in the first case.  Second Petition ¶ 29.

Although Tembec asserts that "[n]ew issues necessarily are raised in [the Second] Petition because it is subject to a previously non-existent arbitration award," Opp. at 23, the doctrine of collateral estoppel "precludes relitigation of *issues* actually litigated and determined in the prior suit, *regardless of whether it was based on the same cause of action as the second suit*." Lawlor v. National Screen Serv., 349 U.S. at 326 (emphasis added). Collateral estoppel thus bars Tembec from raising the same *issues* in the second case that were raised in the first case regarding the parties' negotiations and the interpretation of the settlement documents. The Second Petition seeks to vacate the NAFTA tribunal's Fee Award, based in part upon Tembec's assertions that the Softwood Lumber Agreement barred an award of fees and costs and, in any event, that the United States misrepresented that it would not seek such an award. Second Petition ¶ 34; Opp. at 12-16. To that extent, both Petitions are based upon the same factual and legal issues regarding the parties' negotiations and the settlement documents, despite the intervening Fee Award. Tembec cannot revisit those issues merely by styling its claim as one challenging the Fee Award.

Tembec contends that the Court, in denying the Rule 60(b) Motion, "never reached the merits of the Consolidation [Order], including Tembec's objections to the appointment of Davis Robertson or the Tribunal's premature conduct." Opp. at 15; see also id. at 22 n.47 (contending that Tembec was not allowed to sue in the first case for substitution of the arbitrators on the ground of evident partiality prior to the issuance of an arbitration award). But, as discussed in Part I above, *res judicata* bars Tembec from relitigating these claims and issues regarding the NAFTA tribunal's Consolidation Order, the selection of the tribunal panel, and the tribunal's jurisdiction over Tembec's NAFTA claim. As Tembec concedes, res judicata applies to cases

10

that have been dismissed via the filing of a stipulation under Federal Rule 41(a), see Opp. at 20, such as the Stipulation of Dismissal with Prejudice filed in the first case. Unlike collateral estoppel, res judicata thus does not require that the issues be litigated and decided. See I.A.M. Nat'l Pension Fund, 723 F.2d at 947; Durney v. Wavecrest Labs, 441 F. Supp. 2d 1055, 1059 (N.D. Cal. 2005) ("The test is not whether or not the claim was litigated, but whether or not there was a final judgment on the merits."). Tembec's contention is thus not on point.

For these reasons, res judicata and collateral estoppel bar Tembec from raising each of the factual and legal issues in the Second Petition.

### III. THE SETTLEMENT OF CLAIMS AGREEMENT BARS TEMBEC FROM RELITIGATING THE CLAIMS AND ISSUES REGARDING THE NAFTA TRIBUNAL'S CONSOLIDATION ORDER, THE SELECTION OF THE TRIBUNAL PANEL, AND THE TRIBUNAL'S JURISDICTION

Finally, although the Court need not decide this point, the Settlement of Claims Agreement ("SCA") executed by the parties prior to the Court's dismissal of the first case provides an independent basis for dismissal of the second case. In signing the SCA as part of the settlement of the first case, Tembec expressly agreed both to dismiss the First Petition and not to "re-file" it. SCA (Def. Mot., Ex. E) ¶¶ 1, 10; see also Opp. at 13. The SCA thus serves as an additional bar to Tembec's attempts to relitigate the claims and issues regarding the NAFTA tribunal's Consolidation Order, the selection of the tribunal panel, and the tribunal's jurisdiction over Tembec's NAFTA claim. Because res judicata bars Tembec from relitigating these claims and issues as discussed in Part I above, the Court need not decide this point as to the effect of the SCA. See U.S. Indus. v. Blake Constr., 765 F.2d at 200 n.9 (because res judicata applied, the court did not reach the issue of whether the terms of a stipulation filed by the parties also barred the case).

Tembec concedes that the SCA does not allow Tembec to "re-file" the First Petition. Opp. at 13, 22. Although Tembec contends that the Second Petition is not a "re-filing" of the First Petition, id. at 22-23, both Petitions are based upon the same nucleus of facts and raise the same factual and legal issues regarding the Consolidation Order, the selection of the tribunal panel, and the tribunal's jurisdiction, as discussed in Part I above. The SCA thus bars Tembec from relitigating these claims and issues. Tembec points to a provision of the SCA stating that the SCA is "without prejudice to the position of any party to this [SCA] on any issue in any action referenced in this [SCA]." Opp. at 22. Although Tembec argues that this provision overrides the specific bar against re-filing the First Petition, and also bars the United States from asserting, or the Court from applying, res judicata and collateral estoppel, Tembec provides no basis to interpret this provision in such a manner. In effect, Tembec appears to contend that, even though the parties resolved the first case and Tembec expressly agreed not to "re-file" the First Petition as part of a settlement by which Tembec received $242 million, Tembec should nevertheless be permitted to relitigate the claims and issues. The Court should summarily reject this position as contrary to the purpose of the SCA, which was to provide finality to the settlement of the first case.

## CONCLUSION

For these reasons, the Court should dismiss the Petition to Vacate Arbitration Award, in its entirety, with prejudice.

Dated: April 2, 2008                                   Respectfully submitted,

Of Counsel:                                            JEFFREY S. BUCHOLTZ
LISA J. GROSH                                          Acting Assistant Attorney General
Acting Assistant Legal Adviser
Mark E. Feldman                                        JEFFREY A. TAYLOR
Chief, NAFTA Arbitration                               United States Attorney

                                                       VINCENT M. GARVEY
HEATHER VAN SLOOTEN WALSH                              Deputy Branch Director
*Attorney-Adviser*
*Office of International Claims and*                    /s/ Peter T. Wechsler
 *Investment Disputes*                                 PETER T. WECHSLER (MA 550339)
United States Department of State                      Trial Attorney
Office of the Legal Adviser                            U.S. Department of Justice, Civil Division
2430 E Street-N.W.                                     Federal Programs Branch
Suite 230, South Bldg.                                 Post Office Box 883
Washington, D.C. 20037                                 Washington, D.C.  20044
                                                       Tel: (202) 514-2705  Fax: (202) 616-8470
                                                         *Attorneys for the United States*

CERTIFICATE OF SERVICE:

I HEREBY CERTIFY that on April 2, 2008, a true copy of the foregoing Memorandum was served on petitioner's counsel, Mark A. Cymrot, BAKER & HOSTETLER LLP, via ECF, and upon counsel for Canfor Corporation and Terminal Forest Products Ltd. by first-class mail to:

> P. John Landry                    Keith Mitchell
> DAVIS & & COMPANY                 HARRIS & COMPANY
> 666 Burrard Street                555 Burrard Street
> Suite 2800 Park Place             14th Floor Bentall 5
> Vancouver, BC                     Vancouver, BC
> Canada V6C 2Z7                    Canada V6C 2Z7

                                      /s/ Peter T. Wechsler
                                     Peter T. Wechsler